UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| COREY TYNER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:11 CV 259 |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Corey Tyner, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the loss of earned credit time in a prison disciplinary proceeding. A disciplinary hearing officer found Tyner guilty of possession of a deadly weapon and sanctioned him with thirty days in disciplinary segregation, loss of thirty days of earned credit time, and a two-week loss of commissary privileges. (DE # 8-5.) Tyner appealed the finding of guilt, and the Indiana Department of Correction Final Reviewing Authority modified the offense to B-228, possession of altered property, and modified the earned credit time deprivation to fifteen days. (DE # 8-7.)

Petitioner presented four grounds in his habeas corpus petition. In its order pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court dismissed ground one in which Tyner asserted that he was denied an impartial decision-maker and ground four in which he asserted that there was nothing in the record establishing that the weapon actually existed. (DE # 3.) The Court allowed Tyner to proceed on

grounds two and three of his petition, in which he asserted that the hearing officer denied him the right to present evidence and testimony at the hearing. Petitioner states that the hearing officer did not admit his testimony "into the deliberation portion of [the] hearing" (DE # 1 at 5), and that he "informed the hearing officer of the craft card to purchase and own items such as exacto blades. However, she would not make a copy of it or place it in the official record[.]"(*Id.*) Tyner also contends that prison officials failed "to maintain a *chain of custody*" for the evidence that was actually used against him at the hearing. (*Id.*) (emphasis in original).

Respondent has moved to dismiss this petition arguing that Tyner did not exhaust his administrative remedies and has therefore procedurally defaulted these claims. Petitioner filed a traverse, but it discusses only the merits, and does not address respondent's procedural default argument.

The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993, 994-95 (7th Cir. 1992). Thus, a prisoner must take all available appeals, including administrative appeals, and must have raised in those appeals any issue on which he seeks federal review. *E.g.*, *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Failure to raise an issue on appeal to the Indiana Department of Correction's final reviewing authority is a waiver of the claim and results in procedural default. *Id.*

Respondent has submitted the petitioner's institutional appeal, in which he wrote:

2

> I am appealing this because the alleged deadly weapon that was found in my possession was actually an exacto-knife that I purchased from the O.T. Department, through the Hobby Craft Program. I am also a card carrying member of the Hobby Craft Program. Any reasonable person can clearly see by looking at the pictures that were entered into evidence, that it is clear that I was in fact in possession of an exacto-knife that inmates are allowed to purchase. I was making picture frames and the original handle broke on my knife. In order to continue on with my craft, I made another handle out of pop sickle sticks and glued the original blade to them. Aside from that, the blade itself was not altered in any shape, form, or fashion. All this can clearly be seen by any reasonable person that looks at the pictures that were entered into evidence.

Disciplinary Hearing Appeal (DE # 8-6).

Petitioner's administrative appeal did not assert that he was denied evidence at the hearing or that prison officials failed to maintain a chain of custody for the evidence that was used against him. Accordingly, he did not exhaust his administrative remedies on those claims, and they are barred from habeas review by the doctrine of procedural default unless he can excuse the default.

A habeas applicant who presents defaulted claims for federal collateral review may only obtain review on the merits of his claims if he establishes cause and prejudice to excuse his default or shows that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Jenkins v. Gramley*, 8 F.3d 505, 507-08 (7th Cir. 1993). 750. Under this narrow exception, a habeas applicant must establish that a "constitutional error has resulted in the conviction of one who is actually innocent of the [offense]." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual

3

innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner has not shown cause for his failure to address his claims that he was denied evidence at the hearing or that prison officials failed to maintain a chain of custody for the evidence in his institutional appeal. Tyner does argue that he is actually innocent of the charge of the charge of possession of a deadly weapon. But the charge against him was reduced to possession of altered property (DE # 8-7), and in his institutional appeal he admitted that he made a new handle for his exacto-knife, thus altering it (DE # 8-6).

For the foregoing reasons, the court **GRANTS** respondent's motion to dismiss this petition (DE # 7), and **DIRECTS** the Clerk to close this case.

**SO ORDERED.**

Date: January 23, 2012

       s/ James T. Moody_____
       JUDGE JAMES T. MOODY
       UNITED STATES DISTRICT COURT