UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| COREY TYNER, | ) |  |
| --- | --- | --- |
| Petitioner, | ) |  |
| v. | ) | No. 3:11 CV 259 |
| SUPERINTENDENT,<br>INDIANA STATE PRISON, | ) |  |
| Respondent. | ) |  |

# OPINION AND ORDER

Petitioner Corey Tyner, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging the loss of earned credit time in a prison disciplinary proceeding. Respondent moved to dismiss Tyner's petition arguing that he did not exhaust his administrative remedies and therefore committed procedural default. Tyner filed a traverse, but it discussed only the merits, and did not address respondent's procedural default argument. The court granted respondent's motion to dismiss the petition. (DE # 15.)

Tyner has now filed a motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e) and FED. R. CIV. P. 60 asking the court to reopen this case and grant the relief requested in his petition for writ of habeas corpus.

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional

circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (Citations omitted).

The court allowed Tyner to proceed on grounds two and three of his petition, in which he asserted that the hearing officer denied him the right to present evidence and testimony at the hearing. Petitioner states that the hearing officer did not admit his testimony "into the deliberation portion of [the] hearing" (DE # 1 at 5) and that he "informed the hearing officer of the craft card to purchase and own items such as exacto-blades. However, she would not make a copy of it or place it in the official record." (*Id.*) Tyner also contends that prison officials failed "to maintain a *chain of custody*" for the evidence that was actually used against him at the hearing. (*Id.*) (emphasis in original). The court dismissed the petition because it concluded that Tyner did not raise these grounds in his institutional appeal.

In his institutional appeal, Tyner wrote:

> I am appealing this because the alleged deadly weapon that was found in my possession was actually an exacto-knife that I purchased from the O.T. Department, through the Hobby Craft Program. I am also a card carrying member of the Hobby Craft Program. **Any reasonable person can clearly see** by looking at the pictures that were entered into evidence, that it is clear that I was in fact in possession of an exacto-knife that inmates are allowed to purchase. I was making picture frames and the original handle broke on my knife. In order to continue on with my craft, I made another handle out of pop sickle [sic] sticks and glued the original blade to them. Aside from that, the blade itself was not altered in any shape, form, or fashion. **All this can clearly be seen by any reasonable person that looks at the pictures that were entered into evidence**.

2

Disciplinary Hearing Appeal (DE # 8-6) (emphasis added). In his motion to alter or amend judgment, Tyner argues that in the passages in his appeal that are bold faced he "was attempting to demonstrate by argument that his testimony was not heard" (DE # 17-1 at 2) and that "without written explanation why the Petitioner's testimony was not heard violates Tyner's 6th Amendment Right to the U.S. Constitution." (*Id.*)

The Constitution's Sixth Amendment guarantees persons charged with crimes with certain rights. But "prison disciplinary hearings that deprive inmates of good time are not considered 'criminal'" actions, *Sash v. Zenk*, 439 F.3d 61, 63 (2nd Cir. 2006), citing *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976), and the Sixth Amendment has no application to prison disciplinary hearings. *Custard v. United States*, No. 04-538-GPM, 2006 WL 1599210, at *4 (S.D. Ill. June 9, 2006).

Tyner asserts that he sufficiently raised the issue that his testimony was not heard by the hearing officer, but the portions of his appeal that he relies on do not fairly raise the argument that the hearing officer did not hear his testimony. The portions of his appeal relied on by Tyner assert that the pictures entered into evidence establish that he was properly in possession of an exacto-knife, that he made a replacement handle out of popsicle sticks when the original handle broke, and that aside from that his knife "was not altered in any shape, form, or fashion." (DE # 8-6.) Nothing in the language of this appeal can be read as putting a reasonable person on notice that Tyner was arguing that the hearing officer did not hear his testimony at the hearing or consider it.

Petitioner also "challenges the State exhibit B 3. This exhibit WAS NOT part of the original institutional case. The only photo provided to Mr. Tyner was State ex. B 2. B 3 has no link to Mr. Tyner." (DE # 17 at 1.) This issue, however, was not raised either in his administrative appeal or in his petition for writ of habeas corpus, and he may not raise this issue for the first time in a motion for relief from judgment.

In any event an error is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432, 435-36 (1995). The photograph Tyner complains of is irrelevant in that it neither supports a finding of guilt nor is it exculpatory. Moreover, the hearing officer did not rely on this photograph to find Tyner guilty. (DE # 8-5.) Accordingly, even assuming that this photograph was part of the record in this case but not shown to Tyner at the time of the hearing, it is harmless error and in no way justifies setting aside the judgment in this case and granting his request for habeas relief.

Petitioner has not established grounds for relief under either FED. R. CIV. P. 59(e) or FED. R. CIV. P. 60. Accordingly, the court **DENIES** Petitioner's motion for relief from order (DE # 16).

**SO ORDERED.**

Date: March 29, 2012

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT